IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

GEMINI INSURANCE COMPANY, )　　　CV. NO. 09-00290 DAE-BMK
          )
    Plaintiff,   )
          )
  vs.      )
          )
CLEVER CONSTRUCTION, INC. )
and MICHAEL BERG dba HAWAII )
SHAKE & SHINGLE,   )
          )
    Defendants.  )
_____ )

ORDER DENYING DEFENDANT CLEVER CONSTRUCTION, INC.'S
MOTION TO DISMISS BUT ORDERING A STAY OF PROCEEDINGS

     On October 20, 2009, the Court heard Defendant Clever Construction,

Inc.'s Motion to Dismiss or, in the Alternative, For Stay of Proceedings.  Roy F.

Hughes, Esq., appeared at the hearing on behalf of Plaintiff Gemini Insurance

Company ("Gemini"); Keith K. Hiraoka, Esq., appeared at the hearing on behalf of

Defendant Clever Construction, Inc. ("Clever").  After reviewing the motion and

the supporting and opposing memoranda, the Court **DENIES** Clever's Motion to

Dismiss but **ORDERS** a stay of proceedings pending the resolution of the

underlying arbitration.

BACKGROUND

This case is an action for declaratory relief involving insurance coverage for allegedly defective construction work.

Matthew R. Alcone and Hope L. Alcone (the "Alcones") engaged Clever to build a single-family residence located at 62-3660 Kiekiena Street, Kamuela, Hawaii.  (First Amended Complaint ("FAC") ¶ 10.)  Clever acted as the general contractor on the construction.  (Id.)  Clever hired Michael Berg, dba Hawaii Shake & Shingle ("Hawaii Shake"), as a subcontractor.  (Id.)  Hawaii Shake was retained to install a slate shingle roofing system on the home. Deficiencies in the roofing are now being alleged by the Alcones, who filed a demand for arbitration against Clever on December 26, 2007 (the "Underlying Arbitration").  (Id.)

On January 22, 2008, Clever tendered the defense of the Underlying Arbitration to Gemini under three insurance policies Gemini had issued to Hawaii Shake.  (FAC ¶ 11.)  On February 15, 2008, Clever filed a Third-Party Demand for Arbitration against subcontractors Hawaii Shake, Gold Coast Roofing, Inc., and Gordon Sheet Metal, Inc., bringing them into the Underlying Arbitration.  (FAC ¶ 12.)  In its Third-Party Demand, Clever alleges that under the terms of the subcontract, Hawaii Shake is required to defend and indemnify Clever, as an

2

additional insured, for any claims related to performance of Hawaii Shake's work. (Id.)

On April 7, 2008, Gemini sent a letter to Clever denying its request to defend and indemnify as an additional insured under the policies Gemini had issued to Hawaii Shake.  (FAC ¶ 13.)  However, Clever also tendered its defense to its own liability insurer, Island Insurance Company ("Island Insurance").  (Mem. at 2, Ex. 3.)  Island Insurance accepted the tender pursuant to a reservation of rights. (Id.)  The Underlying Arbitration is currently pending with Dispute Prevention & Resolution, Inc.  (FAC ¶ 9.)

On June 26, 2009, Gemini filed a complaint for declaratory relief in this Court.  (Doc. # 1.)  A First Amended Complaint ("FAC") was then filed on August 4, 2009.  (Doc. # 4.)  In its FAC, Gemini seeks a binding declaration of its rights and responsibilities, if any, to Clever with respect to insurance policies it issued to Hawaii Shake.  Gemini claims that it has no obligation to defend and/or indemnify Clever with respect to the Underlying Arbitration and seeks a declaratory judgment from this Court finding the same.

September 8, 2009, Clever filed the instant motion to dismiss or, in the alternative for a stay of proceedings.  (Doc. # 7.)  Gemini filed its opposition on

October 1, 2009.  (Doc. # 13.)  On October 7, 2009, Clever filed its reply.  (Doc. # 15.)

## STANDARD OF REVIEW

Clever moves to dismiss the case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7).  (Mot. at 2.)  The thrust of Clever's motion is that Gemini has failed to join a necessary party, Island Insurance, because it knows that joining Island Insurance would destroy subject matter jurisdiction.  As such, the primary attack by Clever lies within the confines of Rule 12(b)(7).  Rule 12(b)(1) is only implicated if this Court determines that the third party is, in fact, necessary and must be joined.

I.      Rule 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) provides that an action may be dismissed for failure to join a party under Federal Rule of Civil Procedure 19. In order to determine whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside of the pleadings.  McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir. 1960); Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure: Civil 3d. § 1359 at 68 (2004).  With respect to motions under Rule 12(b)(7), "[t]he moving party has the burden of persuasion

4

in arguing for dismissal." Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990).

II.     Rule 12(b)(1)

        Federal Rule of Civil Procedure Rule 12(b)(1) provides for motions to dismiss for lack of subject matter jurisdiction. The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

DISCUSSION

        In its motion, Clever seeks the following: (1) a dismissal of the case because Island Insurance is a necessary party under Rule 19, and joinder of Island Insurance would destroy diversity jurisdiction; (2) in the alternative, exercising its discretion under the Declaratory Judgment Act to decline to hear the case; or (3) in the alternative, staying all proceedings pending final resolution of the Underlying Arbitration. The Court will address each argument in turn.

I.    <u>Joinder of Necessary Parties</u>[1]

Federal Rule of Civil Procedure 19 governs the joinder of parties

necessary for the Court to provide complete relief.  Determining whether a party is

necessary and indispensable under Rule 19 involves a three-step inquiry.  <u>EEOC v.</u>

<u>Peabody W. Coal Co.</u>, 400 F.3d 774, 779 (9th Cir. 2005) (citations omitted).  First,

under Rule 19(a)[2], the court determines whether a party is necessary.  <u>Id.</u>

---

[1]The 2007 amendment to Rule 19 changed the language of the rule, eliminating the term "indispensable" and replacing "necessary" with "required." However, the changes were intended to be stylistic only.  Fed. R. Civ. P. 19 advisory committee notes; <u>see also</u> <u>Republic of the Philippines v. Pimentel</u>, --- U.S. ---, 128 S. Ct. 2180, 2184 (2008). Because the traditional terms are terms of art used by courts and commentators and because the parties have used the traditional terms in their briefs, for clarity the Court does the same here.

[2]Rule 19(a) provides:
(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

6

Absentees whom it is desirable to join under Rule 19(a) are "persons having an interest in the controversy, and who ought to be made parties, in order that the court may act [.]" Id. (quoting Shields v. Barrows, 58 U.S. (17 How.) 130, 139 (1854)) (brackets in original).  In other words, the court "must determine whether the absent party has a legally protected interest in the suit," and, if so, whether "that interest will be impaired or impeded by the suit." Makah Indian Tribe, 910 F.2d at 558.

If the court finds that the absent party is a necessary party, the court must then determine whether joinder of the party is feasible. Id.  Rule 19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction. See Fed. R. Civ. P. 19(a); Peabody W. Coal, 400 F.3d at 779.

Finally, if joinder is not feasible, the court determines under Rule 19(b)[3] whether the case can proceed without the absent party or whether the absent

---

[3]Rule 19(b) provides:
> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(continued...)

7

party is an "indispensable" party such that the court must dismiss the action.  Id.  A

party is indispensable under Rule 19(b) if in "equity and good conscience" the

court should not allow the action to proceed in its absence.  Fed. R. Civ. P. 19(b);

see, e.g., Dawavendewa v. Salt River Project Agric. Imp. & Power Dist., 276 F.3d

1150, 1161 (9th Cir. 2002). The factors to be considered under Rule 19(b) are: (1)

the extent a judgment rendered in the person's absence might prejudice that person

or other parties; (2) the extent to which prejudice could be lessened or avoided; (3)

whether a judgment rendered in the person's absence will be adequate; and (4)

whether the plaintiff will have an adequate remedy if the action is dismissed for

nonjoinder.  "The inquiry is a practical one and fact specific, and is designed to

avoid the harsh results of rigid application."  Makah Indian Tribe, 910 F.2d at 558.

---

[3](...continued)

> (1) the extent to which a judgment rendered in the person's
> absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or
> avoided by:
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
> (3) whether a judgment rendered in the person's absence would
> be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the
> action were dismissed for nonjoinder.

In this case, Clever argues that Island Insurance is a necessary party to the declaratory judgment action because the insurance contract between Clever and Island Insurance may be implicated by this Court's decision on the scope of the insurance contract between Gemini and Hawaii Shake. Specifically, Clever contends that because the two contracts were written based on the standard Insurance Service Office form, similar factual or legal coverage questions would be involved. As such, Clever asserts that the threat of duplicative litigation in state court leaves Clever subject to a substantial risk of conflicting outcomes.

It is unclear from the face of Clever's motion whether it is moving under Rule 19(a)(1)(A) or 19(a)(1)(B), as Clever's arguments conflate language from each provision. If the former, this Court is unpersuaded that Island Insurance is a necessary party to the instant action. Rule 19(a)(1)(A) provides that a party is necessary if, in that party's absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A) (emphasis added). In this case, the Court finds that complete declaratory relief (i.e., a statement of Gemini's contractual duty to defend and/or indemnify Clever) can be accorded without Island Insurance's presence.

In the first instance, the types of liability claimed by Clever are distinctly different as between Island Insurance and Gemini. Island Insurance is

Clever's direct insurer.  As such, the issues of coverage duties are relatively straightforward under the contract.  In contrast, Clever only asserts that Gemini has a duty to defend and/or indemnify <u>through</u> Hawaii Shake.  In other words, Clever seeks coverage from Gemini as an "additional insured" under Hawaii Shake's policy, not as the direct policyholder.  Therefore, the relationships between Clever and Island Insurance, on the one hand, and Clever and Gemini, on the other, are obviously very different and implicate different provisions of the contracts at issue.  The Court disagrees with Clever that a decision on the scope of "additional insured" coverage would necessarily implicate the scope of direct coverage under Island Insurance's contract.

Similarly, the Court is unpersuaded by Clever's contention that the similarity in language between the contracts requires a finding that Island Insurance is a necessary party.  As discussed above, the nature of Clever's theories of liability are inherently different.  There is no reason to believe at this stage of litigation that ruling on Gemini's duty to defend and/or indemnify Clever would have any impact or overlap with another court's subsequent decision on Island Insurance's duty[4].

---

[4]According to the parties, Island Insurance has not yet filed its own declaratory judgment action in state or federal court.  Indeed, Island Insurance is

(continued...)

10

If Clever's motion is based on Rule 19(a)(1)(B), the Court is likewise unpersuaded that Island Insurance is a necessary party.  Joinder under Rule 19(a)(1)(B) is "contingent . . . upon an initial requirement that the absent party <u>claim</u> a legally-protected interest relating to the subject matter of the action," and "where a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder [is] 'unnecessary.'"  <u>Altmann v. Republic of Aus.</u>, 317 F.3d 954, 971 (9th Cir. 2002) (emphasis in original) (citing <u>Northrop Corp. v. McDonnell Douglas Corp.</u>, 705 F.2d 1030, 1043 (9th Cir. 1983)) ("Subparts (i) and (ii) are contingent . . . upon an initial requirement that the absent party claim a legally-protected interest relating to the subject matter of the action."); <u>see also</u> <u>Fed. Deposit Ins. Corp. v. County of Orange</u>, 262 F.3d 1014, 1023 (9th Cir. 2001) ("[The defendant] cannot claim that the [absent parties] have a legally-protected interest in the action unless the [absent parties] themselves claim that they have such an interest."); <u>United States v. Bowen</u>, 172 F.3d 682, 689 (9th Cir. 1999) ("[I]t is inappropriate for one defendant to attempt to champion the absent party's interests . . ..");  <u>Fanning v. Group Health Coop.</u>, 2008 WL 2148753,

---

[4](...continued)
proceeding with the Underlying Action, under a reservation of rights.  As such, the threat of duplicative litigation or inconsistent outcomes is only theoretical at this point, as Island Insurance may in fact never file an action for declaratory relief.

11

at *2 (W.D. Wash. May 21, 2008) (finding that because Rule 19(a)(1)(B) "allows a forced joinder of an outside party only upon the impetus of that outside party," the absent party who had not claimed an interest or sought to join the suit could not be a required party under the rule).

In this case, Island Insurance is almost certainly aware of the instant declaratory judgment action and yet has not asserted its own interests herein.  It is not necessary, therefore, under the circumstances to require Island Insurance's joinder.  The Court is skeptical that Clever is attempting to champion Island Insurance's rights in filing the instant motion, especially in light of the fact that Clever seeks dismissal of the action due to lack of subject matter jurisdiction.

In addition, Clever argues that there is a substantial risk of conflicting outcomes because both Gemini and Island Insurance cite to the Ninth Circuit case of Burlington Insurance Co. v. Oceanic Design & Construction, Inc., 383 F.3d 940 (9th Cir. 2004), in their communications with Clever.  In Burlington, the Ninth Circuit considered a matter of first impression under Hawaii law on the scope of an insurer's duty to defend.  Id. at 944.  In its letter denying representation of Clever, Gemini cited to the case as support for the fact that it has no duty to defend or indemnify Clever.  Similarly, Island Insurance cited the Burlington case in its letter reserving its rights.

12

Clever contends that, while Burlington may have precedential value in federal court, any future state court would not be bound by the Ninth Circuit's interpretation of Hawaii law.  As such, Clever argues that they are vulnerable to a substantial risk of conflicting outcomes.

This Court disagrees.  While Clever is correct that a Hawaii state court may choose to interpret state law differently than the Ninth Circuit, see Matter of McLinn, 739 F.2d 1395, 1401-02 (9th Cir. 1984), this ignores the fact that a decision on Gemini's duty has no bearing on a decision regarding Island Insurance's duty.  If Island Insurance institutes a declaratory judgment action against Clever in state court, that claim would not involve any allegation of "additional insured" liability.  It would entail a more straightforward analysis of Island Insurance's direct duty pursuant to its contract(s) with Clever.   As such, there is no risk of "conflicting outcomes"[5]; rather, this Court and a future state court may simply apply Hawaii law in different ways with respect to the different parties.

---

[5] Moreover, Rule 19(a)(1)(B) is only concerned with the "substantial risk of incurring double, multiple, or otherwise inconsistent obligations," not conflicting outcomes.  Fed. R. Civ. P. 19(a)(1)(B) (emphasis added).  A concern over conflicting outcomes is more properly addressed in regards to this Court's discretion under the Declaratory Judgment Act, infra Section II.

13

Clever relies heavily on Judge King's decision in <u>Northfield Insurance Co. v. Hoje Construction</u>, Cv. No. 05-00362 SPK/LEK (attached as Exhibit 4 to Mot.) in support of its claim for joinder under Rule 19.  The facts of <u>Northfield</u>, however, are distinguishable from this case.  As in this case, Northfield filed a declaratory judgment action against several of its insureds asserting that it had no duty to defend or indemnify the defendants in an underlying state court suit.  (Mot. Ex. 4 at 2.)  In <u>Northfield</u>, however, the defendants had approximately 16 other insurers besides Northfield itself.  (<u>Id.</u>)  The contracts covered different periods of construction, different defendants in the underlying suit, or both.  (<u>Id.</u>)  The similar motion sought to require joinder of the 16 other insurers in order to prevent undue prejudice to the parties.  (<u>Id.</u> at 4.)

Here, however, Clever is only directly insured by one insurer: Island Insurance.  Although Clever contends that Gemini should have a duty to defend and/or indemnify through its subcontractor, Hawaii Shake, there exists no direct obligation as is typically found with a primary insurer.  As such, <u>Northfield</u> is not directly on point.  Courts have long held that Rule 19 joinder decisions "can only be determined in the context of particular litigation." <u>Provident Tradesmens Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 118 (1968).  Here, the issues are not nearly as complex or overlapping as those found in <u>Northfield</u>, nor are the two cases

14

factually equivalent.  Therefore, <u>Northfield</u> does not, as Clever contends, mandate joinder in this case.

In conclusion, the Court finds that Clever has failed to meet its burden to demonstrate that Island Insurance is a necessary party under Rule 19(a). Because the Court has made such a determination, it is unnecessary to evaluate whether Island Insurance is "indispensable" under Rule 19(b).  As such, there is no remaining issue with diversity jurisdiction and the Court DENIES Clever's motion with respect to dismissal under Rule 19.

## II.     <u>Discretion Under Declaratory Judgment Act</u>

Clever argues in the alternative that, should the Court determine Island Insurance is not a necessary party under Rule 19, that the Court should decline to hear this case under discretion granted to it by the Declaratory Judgment Act.  Federal courts have "unique and substantial discretion" to hear declaratory judgment actions.  <u>MedImmune, Inc. v. Genentech</u>, 549 U.S. 118, 136 (2006) (quoting <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 288 (1995)); <u>see</u> 28 U.S.C. § 2201(a) ("[A]ny court of the United States, upon the filing of an appropriate pleading, <u>may</u> declare the rights and other legal relations of any interested party seeking such declaration . . ..") (emphasis added); <u>Huth v. Hartford Ins. Co. of the Midwest</u>, 298 F.3d 800, 803 (9th Cir. 2002) ("[The] decision whether to exercise

15

jurisdiction over a declaratory action lies in the sound discretion of the district court.").  This determination is discretionary, because the Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority."  Government Employees Insurance Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (citing Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 250 (1952) (J. Reed, concurring)).  If a party raises the issue in the district court, the court must make a record of its reasoning for why it either accepts or declines jurisdiction.  Id. at 1224-25.

Clever's motion in this case is made pursuant to the doctrine first recognized by the Supreme Court in Wilton, 515 U.S. at 288, and later expounded upon by the Ninth Circuit in Dizol, 133 F.3d at 1223.  Under that doctrine, federal courts may exercise discretion to hear declaratory judgment actions upon consideration of a number of factors, which are commonly known as the "Brillhart factors."  See Brillhart v. Excess Ins. Co. of Am., 316 U .S. 491 (1942).  The Ninth Circuit has summarized those factors as follows:

> The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation. If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard

> in state court. The pendency of a state court action does
> not, of itself, require a district court to refuse federal
> declaratory relief.

Dizol, 133 F.3d at 1225 (citations omitted).  The Brillhart factors are not exclusive

and a court may consider other factors, including: (1) whether the declaratory

action will settle all aspects of the controversy; (2) whether the declaratory action

will serve a useful purpose in clarifying the legal relations at issue; (3) whether the

declaratory action is being sought merely for the purposes of procedural fencing or

to obtain a "res judicata" advantage; and (4) whether the use of a declaratory action

will result in entanglement between the federal and state court systems.  Id. at n.5

(quoting Am. States Ins. Co. v. Kearns, 15 F .3d 142, 145 (9th Cir. 1994) (J. Garth,

concurring)).  Courts might also consider the convenience of the parties, as well as

the availability and relative convenience of other remedies.  Id.

While "there is no presumption in favor of abstention in declaratory

actions generally," Dizol, 133 F.3d at 1225, courts should "decline to assert

jurisdiction in . . . declaratory relief actions presenting only issues of state law

during the pendency of parallel proceedings in state court."  Robsac Indus., 947

F.2d at 1374.

A.     Avoiding Duplicative Litigation and Discouraging Forum Shopping

First and foremost, the Underlying Arbitration does not involve Gemini's obligations to Clever under Hawaii Shake's insurance policy.  That is, the arbitration panel is not being asked to determine whether Gemini has a duty to defend or indemnify Clever.  Indeed, no issues of insurance coverage are directly at issue in the Underlying Arbitration.  Rather, the issue being arbitrated is Clever and Hawaii Shake's liability for alleged workmanship problems in construction of the Alcone's roof.  Under the circumstances here, it is not at all clear that any issue that may be decided in the Underlying Arbitration will be duplicative of an issue decided in this matter.

There is some law indicating a general preference to decline jurisdiction in cases of insurance coverage disputes.  See Am. Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1019 (9th Cir. 1995); Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1374 (9th Cir. 1991) ("Courts should generally decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court" unless there are "circumstances present to warrant an exception to that rule."), both overruled in part on other grounds by Dizol, 133 F.3d at 1224.  However, these cases only implicate circumstances in which there are parallel state court

18

proceedings which might weigh in favor declining to assert jurisdiction.  <u>See</u> <u>Hungerford</u>, 53 F.3d at 1019; <u>Robsac Indus.</u>, 947 F.2d at 1373 (finding that permitting the action to go forward would violate the policy of avoidance of duplicative litigation because "the federal declaratory suit is virtually the mirror image of the state suit.").

The Ninth Circuit has found a state proceeding parallel to a federal declaratory judgment action when: (1) the actions arise from the same factual circumstances; (2) there are overlapping factual questions in the actions; or (3) the same issues are addressed by both actions.  <u>Golden Eagle Ins. Co. v. Travelers</u> <u>Cos.</u>, 103 F.3d 750, 755 (9th Cir. 1996), overruled in part on other grounds, <u>Dizol</u>, 133 F.3d at 1227 ("It is enough that the state proceedings arise from the same factual circumstances."); <u>Employers Reinsurance Corp. v. Karussos</u>, 65 F.3d 796, 800 (9th Cir. 1995) (finding state and federal actions parallel when the actions raised overlapping, but not identical, factual issues), overruled in part on other grounds, <u>Dizol</u>, 133 F.3d at 1227.

Here, there is no such parallel proceeding.  Although the Underlying Arbitration is currently pending, it does not in any direct way involve litigation on any of the insurance carriers' duties to defend or indemnify their insureds. Although the issue of insurance coverage only arose because of the Underlying

Arbitration, the legal issues are distinctly different and separate.[6]  As such, the concerns articulated in <u>Dizol</u> regarding duplicative litigation are not implicated by this separate and independent federal declaratory judgment action.

Moreover, this case does not present an instance of forum shopping. Federal courts have a duty to discourage forum shopping and should "generally decline to entertain reactive declaratory actions."  <u>Dizol</u>, 133 F.3d at 1225. Typically, "reactive declaratory judgment actions" occur when a party sues in federal court to determine their liability after the commencement of a state court action.  <u>Id.</u>

Although the instant declaratory judgment action was filed after commencement of the Underlying Arbitration, the Court sees no evidence of forum shopping.  Cases where the declaratory judgment action is defined as reactive generally, once again, involve a parallel state proceeding presenting the issue of insurance coverage.  <u>See</u> <u>Robsac Indus.</u>, 947 F.2d at 1372-73 (finding the declaratory judgment action regarding insurance coverage reactive "when there is a pending state court case presenting the identical issue . . .").  As discussed above,

---

[6]There may be some overlapping factual issues, as this Court discusses in more detail in Section III, <u>infra</u>.

there is no parallel proceeding which indicates the insurer's intent to forum shop.

As such, the Court finds that these factors weigh against declining jurisdiction.

B.    Needless Determination of State Law Issues

The Ninth Circuit has held that a district court needlessly determines

state law when: (1) the state law issue in question is the subject of a parallel

proceeding; (2) the area of law is expressly left to the states by Congress; and (3)

there is no compelling federal interest.  See Cont'l Cas. Co. v. Robsac Indus., 947

F.2d 1367, 1371 (9th Cir. 1991), overruled in part on other grounds, Dizol, 133

F.3d at 1227; see also Smith v. Lenches, 263 F.3d 972, 978 (9th Cir. 2001) ("For

the federal court to retain jurisdiction to give declaratory judgment on the same

claims [pending in a state court action] would result in a needless determination of

state law.").  When the sole basis for federal jurisdiction is diversity of citizenship,

"the federal interest is at its nadir and the Brillhart policy of avoiding unnecessary

declarations of state law is especially strong." Robsac Indus., 947 F.2d at 1371.

As with the other factors, the Court finds there would be no needless

determination of state law when, as here, there is no parallel proceeding regarding

insurance coverage.  This Court is capable of applying Hawaii state law to the

situation presented in this case: whether Gemini owed Clever a duty to defend

and/or indemnification as an "additional insured."  While there is always a threat of

21

inconsistent interpretation of the law between federal courts and state courts, such danger is faced nearly every day in federal courts sitting in diversity.  The fact that state law issues are implicated is not, in and of itself, sufficient grounds for declining jurisdiction.

      C.    <u>Other Factors</u>

      The Ninth Circuit has also permitted the court to consider other factors when analyzing whether to decline jurisdiction under the Declaratory Judgment Act.  These other factors include: (1) whether the declaratory action will settle all aspects of the controversy; (2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; and (4) whether the use of a declaratory action will result in entanglement between the federal and state court systems.  <u>Dizol</u>, 133 F.3d at 1225, n.5.

      Here, these additional factors generally weigh in favor of exercising discretion as well.  The instant declaratory judgment action will not settle all aspects of the controversy regarding the workmanship of the Alcone's roof, nor will it settle any potential future dispute regarding whether Island Insurance owes Clever a duty to defend.  It will, however, serve a useful purpose in clarifying the

22

legal obligations Gemini may owe to Clever.  As such, this case will move the

overall controversy forward, by either eliminating any duty on the party of Gemini

or officially finding that Gemini owes Clever certain obligations.

Moreover, as discussed extensively above, this Court's decision on

Gemini's alleged duty should have no res judicata effect on whether a state court

decides Island Insurance owed Clever a duty to defend and/or indemnify.  Because

of the different type of liability alleged, there is no reason to believe this Court's

legal and factual findings would implicate issues raised in state court.  The Court,

therefore, finds that retaining jurisdiction in this case would entail no additional

entanglement between federal and state courts above that which is customary in

federal courts sitting in diversity.

In sum, the Court finds that the <u>Brillhart</u> and <u>Dizol</u> factors weigh

heavily in favor of retaining jurisdiction over the instant declaratory judgment

action.  The Court, therefore, in its discretion, DENIES Clever's motion with

respect to this issue.

III.    <u>Whether the Proceedings Should Be Stayed</u>

Finally, Clever argues in the alternative that the instant declaratory

judgment action should be stayed pending final resolution of the Underlying

Arbitration.  Clever contends that proceeding with this action would force it to

23

argue its own liability for the workmanship problems on the Alcone's roof while at the same time attempting to disclaim liability in the Underlying Arbitration. Specifically, Clever believes the instant declaratory judgment action will compel it to assert that the workmanship problems were the result of its "ongoing operations" in order to attain coverage from Gemini under its "additional insured" coverage provision.  Such assertions would, obviously, run counter to its interests in the Underlying Arbitration.

The Court agrees with Clever that requiring it to proceed with the declaratory judgment action will place it in the untenable position of, on one hand, arguing that it is liable for problems with the roofing in order to receive coverage and, on the other hand, arguing it is not liable in order to prevail in the Underlying Arbitration.  This Court has held that "[w]here the underlying [action] will decide the identical issue in the declaratory action, the court has the discretion to stay the declaratory action pending completion of the tort suit."  State Farm Fire & Cas. Co. v. Poomaihealani, 667 F. Supp. 705, 707 (D. Haw. 1987) (and cases cited therein). Although the legal issue of coverage will not be addressed by the Underlying Arbitration, the factual issue of whether the roof problems were a result of Hawaii

Shake's work or Clever's attempts to fix Hawaii Shake's work[7] may implicate the issue of whether errors were caused by Clever's "ongoing operations."  As such, these underlying factual determinations are directly relevant to how this Court may interpret and apply the "ongoing operations" provision as it related to Gemini's duty to defend and/or indemnify.  It would be patently unfair to place Clever in the position of having take a position contrary to its interests in the Underlying Arbitration in order to attain a declaration from this Court that Gemini had a duty to defend and/or indemnify Clever.  Moreover, such factual questions are more properly resolved by the arbitrator, to whom evidence will be presented regarding the nature of the work performed and the problems caused.

In addition, the Court finds that Gemini will suffer little prejudice by a short delay in this case.  In the first instance, Gemini itself informed the Court that arbitration is set before the end of this calendar year (although subject to change).  (Oppo. at 17.)  As such, there will be only minimal delay in the declaratory judgment action.  Furthermore, Gemini is currently not defending Clever in the

---

[7]At some point during construction, Clever terminated Hawaii Shake's subcontract due to problems with the quality and timeliness of Hawaii Shake's work.  According to the Alcone's arbitration demand, Clever subsequently contracted with Gold Coast Roofing to remediate errors in Hawaii Shake's work and to complete the installation of the roofing system.

Underlying Arbitration and, therefore, is expending no time or resources on such an effort.

Accordingly, the Court, in its discretion, finds that the interests of justice require staying the instant action pending resolution of the Underlying Arbitration.  A stay will protect Clever from arguing opposing positions in two tribunals while permitting the arbitrator the time to make factual determinations as to Clever's liability, if any.  In the event that the Underlying Arbitration is delayed by more than three months beyond the projected completion date, this Court will, however, consider a motion by Gemini to lift the stay.

CONCLUSION

For the reasons stated above, the Court DENIES Clever's motion to dismiss but ORDERS a stay of proceedings pending resolution of the Underlying Arbitration.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 21, 2009.



_____
David Alan Ezra
United States District Judge

Gemini Insurance Company v. Clever Construction, et al., Civ. No. 09-00290 DAE-BMK; ORDER DENYING DEFENDANT CLEVER CONSTRUCTION, INC.'S MOTION TO DISMISS BUT ORDERING A STAY OF PROCEEDINGS